UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEX F. ISAAC, ET AL.,<br>      Plaintiffs,<br><br>      v.<br><br>FERNANDO ABAD,<br>      Defendant. | Civil Action No.<br>16-10330-NMG |

MEMORANDUM AND ORDER

GORTON, J.

## I.  Background

On February 16, 2016, plaintiff Alex F. Isaac ("Isaac"), a
resident of Winthrop, Massachusetts, filed a self-prepared
"Motion for Judgement Against Defendand [sic], Fernando Abad" on
behalf of himself and his company, Para Sports & Entertainment
("PSE").  Motion (Docket No. 1).  Isaac alleges that defendant
Fernando Abad ("Abad"), a citizen of the Dominican Republic and a
professional baseball player, was a client of his and of PSE's in
the 2012 baseball season.  They provided career representation of
Abad.  In the first year of representation, Abad borrowed
$20,000.00 from PSE through a third-party lender, Gibralta Sports
Capital ("GSC"), in order for Abad to make renovations to his
family home in the Dominican Republic.  The following year, Abad
asked Isaac for a $5,000.00 loan, in two installments, in order
to pay for furniture he purchased for the family home and thus
avoid repossession.  Isaac advised him that he and PSE do not
provide personal loans to players; however, he proposed that the

same process of borrowing from a third-party lender again would be used and Abad agreed to this arrangement.  Since the process of obtaining the loan from the third-party lender would take weeks to complete, Abad asked Isaac for a bridge loan and Isaac agreed.  This personal loan of $5,000.00 was added to Abad's bill and sent to him for payment, but no payment was received.  Isaac attempted to reach Abad to discuss the matter but Abad would not take his calls.  Days later, Isaac was contacted by the Major League Baseball Association ("MLBA") advising him that Abad had no knowledge of the loan.  Isaac alleges that both Abad and the MLBA reached out to Major League Baseball clients of Isaac and PSE's telling them that Isaac had taken a loan from Cobalt Sports Capital (formerly "GSC") in Abad's name without his authorization.  As a result of their actions, Isaac claims that most of his clients left PSE.

Isaac further alleges that Abad and MLBA had a New York law firm send a letter to him claiming that, in fact, he owed Abad $10,518.88.  Thereafter, Isaac claims that MLBA paid Cobalt Sports Capital the balance owed, but still has refused to make any payment to PSE, thus leaving PSE in debt in the amount of $11,891.50.

Finally, Isaac alleges that Abad defamed his character as well as that of the PSE brand by reaching out to his peers and other clients of Isaac and PSE concerning their business practices.

As relief, Isaac and PSE seek $11,891.50 owed to PSE and an

2

additional $2 million in compensatory and business damages.

Along with the Complaint, Isaac filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).

## II.  Discussion

### A.  The Motion for Judgment is Construed as a Complaint

As an initial matter, because Isaac filed a Civil Cover Sheet and Local Category Sheet along with his Motion for Judgment against Abad and because he filed an in *forma pauperis* request to waive the filing and administrative fees, this Court considers the motion to constitute Isaac's Complaint.

### B.  The Motion for Leave to Proceed *In Forma Pauperis*

Although Isaac has demonstrated in his financial affidavit that he cannot afford to pay the filing and administrative fees for this action, he also has included PSE as a plaintiff in this action, and, presumably, is seeking *in forma pauperis* status for PSE in order to waive its obligation to pay the filing and administrative fees.  This he may not do, because a corporation or other artificial (non-human) entities are not eligible to proceed *in forma pauperis*.[1]  "Only natural persons may proceed *in forma pauperis* under 28 U.S.C. § 1915."  Gray v. Martinez, 352

---

[1]While the legal status of PSE is unclear, the Corporations Division of the Commonwealth of Massachusetts lists Isaac as President of Para Group, Inc., organized on July 17, 2000, involuntarily dissolved May 31, 2007.  The Treasurer is listed as Raysiance Wise, located at the same address as Isaac.  The records also indicate that Isaac is the Manager of Para General Contracting LLC, organized on April 8, 2014.  For purposes of this Memorandum and Order, the Court presumes PSE to be a distinct legal entity, particularly where Isaac's allegations make a distinction between them.

Fed. Appx. 656, 658 (3d Cir. 2009) <u>citing</u> <u>Rowland</u> v. <u>California</u> <u>Men's Colony</u>, 506 U.S. 194, 196 (1993). <u>See</u> <u>LeBoon</u> v. <u>Schmidt</u>, 2013 WL 1395928, *1 (E.D. Pa. 2013)(same). A corporation is not deemed to be a "person" because it is an artificial entity.

In <u>Rowland</u>, *supra*, the Supreme Court of the United States reasoned that an "allegation of poverty" required a person to show that they lacked "in the comforts of life." <u>Rowland</u>, 506 U.S. at 201-02. This comfort of life requirement involves a "human condition" that can not be attributed to artificial entities. <u>Id.</u> Moreover, artificial entities are not permitted to take oaths and therefore can not legally make an affidavit as required by § 1915(a). <u>Id.</u> Further, the standard used to determine "inability to pay," (*i.e.*, asking whether a person lacks the necessities of life) does not apply to artificial entities. <u>Id.</u> Finally, <u>Rowland</u> found that the Congressional record was devoid of any other standard that could be applied to them. <u>Id.</u> "Artificial entities may be insolvent, but they are not well spoken of as 'poor.'" <u>Id.</u> at 203.

It is the practice of this Court in multi-plaintiff, non-prisoner civil actions to apportion the $350.00 filing and $400.00 administrative fees between or among the plaintiffs. Thus, in this case, Isaac is obligated to pay $200.00 toward the filing and administrative fees, while PSE is obligated to pay the remaining $200.00 toward the filing and administrative fees.

In light of the above, Isaac's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u> only to the extent

that he is permitted to proceed with his own claims *in forma pauperis*; otherwise the motion is <u>DENIED</u>.  All claims of PSE will be dismissed within 21 days from the date of this Memorandum and Order unless it pays the $200.00 filing and administrative fees of this Court or unless Isaac demonstrates, with legal authority, that PSE is entitled to *in forma pauperis* status.

C.   <u>Screening of the Complaint</u>

Because Isaac has been permitted to proceed *in forma pauperis*, the Complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2).  In addition to the statutory screening requirements under § 1915, this Court has an independent obligation to inquire, *sua sponte,* into its own subject matter jurisdiction.[2]  <u>McCulloch</u> v. <u>Velez</u>, 364 F.3d 1, 5 (1st Cir. 2004).  "Whenever it appears . . . that the court lacks

_____

[2]<u>See</u> <u>In re Recticel Foam Corp.</u>, 859 F.2d 1000, 1002 (1st Cir. 1988)("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting."); <u>Pallazola</u> v. <u>Rucker</u>, 797 F.2d 1116, 1128 (1st Cir. 1986)(dismissal warranted where subject-matter jurisdiction is lacking.  <u>See</u> <u>Fafel</u> v. <u>Dipaola</u>, 399 F.3d 403, 410 (1st Cir. 2005)(Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" quoting <u>Insurance Corp. of Ireland Ltd.</u> v. <u>Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 702 (1982)).

jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

Because Isaac is proceeding *pro se*, this Court liberally construes the Complaint. <u>Hughes</u> v. <u>Rowe</u>, 449 U.S. 5, 9 (1980); <u>Haines</u> v. <u>Kerner</u>, 404 U.S. 519, 520 (1972). Even under a liberal construction, however, there are a number of legal impediments to this action, as set forth below.

D.   <u>Failure of PSE to Sign the Complaint</u>

Notably, only Isaac is the signatory to the Complaint; it is not signed by Isaac as a duly authorized representative of PSE. Under Rule 11, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). Thus, the claims of PSE are subject to dismissal on this basis; however, in view of the counsel issues discussed below, this Court need not take further action with respect to the lack of PSE's signature.

E.   <u>PSE Must Be Represented By Duly-Licensed Counsel</u>

Concomitant with the *in forma pauperis* and signatory issues noted above, even if PSE paid the $200.00 fees and signed the Complaint (or an Amended Complaint), PSE's claims cannot proceed in this Court unless it is represented by a duly-licensed attorney admitted to practice in this Court. This is because Isaac, as a non-attorney, may not represent PSE in this action even if he is the sole owner of the company. A *pro se* non-attorney litigant may only represent himself (or herself) and may

not represent other people or artificial entities.   See 28
U.S.C. § 1654;[3] District of Massachusetts Local Rule 83.5.5(b)
(providing that "[an individual appearing *pro se* may not
represent any other party and may not authorize any other
individual who is not a member of the bar of this district to
appear on his or her behalf.").   Further, Massachusetts Local
Rule 83.5.5(c) provides that:

> A corporation, partnership, limited liability company,
> trust, estate, or other entity that is not an
> individual may not appear *pro se*.   An individual
> officer, director, partner, member, trustee,
> administrator, or executor may not appear on behalf of
> an entity; provided, however, that if such an
> individual is also an attorney who is otherwise
> permitted to practice in this court, the attorney may
> represent the entity if the representation is otherwise
> appropriate under the circumstances.   The court may
> strike any pleading filed on behalf of any entity that
> purports to appear *pro se.*

Id. See Nordberg v. Town of Charlton,   2012 WL 2990763 at *3 (D.
Mass. 2012) ("[A]n individual who is not an attorney admitted to
practice before this court is not authorized to submit pleadings
(including a complaint) or in any other manner appear on behalf
of another person or entity.").

It is well settled that corporations must be represented by
counsel in order to assert claims in a lawsuit.   See Rowland 506
U.S. at 201-03; Instituto de Educacion Universal Corp. v. U.S.
Dept. of Educ., 209 F.3d 18(1st Cir. 2000)(distinguishing rule

---

[3]Title 28 U.S.C. §1654 permits persons to proceed *pro se*;
however, this provision does not authorize unlicensed laypeople
to represent co-plaintiffs or any other individuals.   See
Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994);
Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir.
1991).

that corporation must be represented by counsel by holding that
corporate officer may sign notice of appeal, so long as counsel
is retained promptly to prosecute the appeal); In re Las Colinas
Development Corp., 585 F.2d 7 (1st Cir. 1978) cert. denied
Schreibman v. Walter E. Heller & Company of Puerto Rico, 440 U.S.
931 (1979); In re Victor Publishers, Inc., 545 F.2d 285, 286 (1st
Cir. 1976) ("Although an individual has a statutory right to
represent himself in federal court even if he is not a lawyer, a
corporation may be represented only by licensed counsel."); 
Volumetric Imaging, Inc. v. Teledyne, Inc., 194 F.R.D. 373, 375
(D. Mass. 2000)("Corporations, despite their pervasive role in
our modern society, are not human beings. Although we are prone
to regard them as living entities, they are only creatures of the
state subject to government regulation and control.  One of the
time-hallowed restrictions on corporations has been that, in
court proceedings, they must be represented by a licensed
attorney.  There is nothing unfair, illegal or unconstitutional
in this requirement.").[4]

In light of the above, all of PSE's claims shall be
dismissed within 21 days of the date of this Memorandum and Order

---

[4]Even a limited liability corporation must be represented by
counsel.  See Lundstedt v. People's United Bank, 2015 WL 540988
at *1 (D. Conn. 2015)(noting that a limited liability company is
a distinct legal entity whose existence is separate from its
members).  See Taylor v. Moskow, 2014 WL 2573990 (D. Mass. 2014);
Kerr v. Kerr, 2010 WL 1416511, *10 (D. Mass. 2010); (Laverty v.
Massad, 661 F. Supp. 2d 55, 62 (D. Mass. 2009) (stating that the
principle that a shareholder cannot, in his own name, sue to
enforce the rights or redress injuries of the corporation,
applies even when there is only one shareholder).

unless, in addition to satisfying the Court's filing fee requirements, a duly-licensed attorney files a Notice of Appearance on behalf of PSE with the intention to represent the company during the course of the litigation.  The Notice of Appearance should indicate whether counsel also represents Isaac's individual claims in this action.  If he/she does represent both plaintiffs a further Order shall issue with respect to the filing of an Amended Complaint and service of process.

In the event no duly-licensed counsel appears for PSE and the claims of the company are dismissed, the only remaining claims will be Isaac's individual claims (to the extent that there are any insofar as it appears that the breach of contract and business defamation claims likely inure to PSE and not to Isaac individually).  In that case, the Court will permit this action to proceed and a further Order shall issue with respect to the issuance of a summons and service of process.

F.   Declination to Appoint *Pro Bono* Counsel

In anticipation that Isaac may respond to this Memorandum and Order by seeking appointment of *pro bono* counsel for him and/or for PSE, this Court has considered whether appointment of counsel is warranted.

Under 28 U.S.C. §1915, a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1).  The United States Court of Appeals for the First Circuit provides the following set of factors to consider when

9

determining whether to appoint counsel to an indigent under
§1915: "[1] the indigent's ability to conduct whatever factual
investigation is necessary to support his or her claim; [2] the
complexity of the factual and legal issues involved; and [3] the
capability of the indigent litigant to present the case."
Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (*per
curiam*); see Bemis v. Kelley, 857 F.2d 14, 16 (1st Cir. 1988).

Ultimately, to be eligible for this assistance under 28
U.S.C. § 1915, a plaintiff "must demonstrate that he [is]
indigent and that exceptional circumstances [are] present such
that a denial of counsel [is] likely to result in fundamental
unfairness impinging on his due process rights." DesRosiers v.
Moran, 949 F.2d 15, 23 (1st Cir. 1991).  This Court considers the
total situation, including the merits of the case, the complexity
of the legal issues, and the litigant's ability to represent him
or herself.  Id.  The decision to appoint counsel is
discretionary, and a plaintiff does not have a constitutional or
statutory right to appointed counsel.  Dellenbach v. Hanks, 76
F.3d 820, 823 (7th Cir. 1996) cert. denied, 519 U.S. 894 (1996).
See Manisy v. Maloney, 283 F. Supp. 2d. 307, 317 (D. Mass. 2003).

Here, with respect to PSE, this Court cannot find that
exceptional circumstances exist to warrant appointment of
counsel.  First, at this juncture, the issue of the payment of
the filing fee is pending.  Until the company has paid the
$200.00 apportioned share of the fee, it may not proceed with its
claims and thus appointment is premature.  Second, because it is

not a person entitled to proceed *in forma pauperis*, an artificial entity such as PSE is not eligible for appointed counsel under the auspices of 28 U.S.C. § 1915.   Third, this Court's *pro bono* program was not intended to be used for appointment of counsel for businesses, but for indigent *pro se* litigants only.   See *Plan for the Appointment of Counsel for Indigent Parties in Certain Civil Cases*, at 1, effective May 1, 2009 (stating the objective of the *pro bono* program is "to facilitate the appointment of pro bono counsel for indigent pro se parties in civil cases when such appointment has been authorized by a judicial officer."); http://www.mad.uscourts.gov/attorneys/pdf/ProBonoPlan2009.pdf.

In light of this, the Court DECLINES to appoint counsel for PSE.

Next, with respect to Isaac, this Court also cannot find that exceptional circumstances exist to justify appointment of *pro bono* counsel at this time, particularly given the uncertainty of the ability of PSE to prosecute its claims, as well as the uncertainty of Isaac's individual claims.   Moreover, although it is presumed that Isaac seeks to invoke the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a)(2), absent PSE's claims, the Court at this point questions whether Isaac's amount in controversy for his individual claims exceeds $75,000.00, a necessary element for diversity jurisdiction to exist. Accordingly, the Court DECLINES to appoint counsel for Isaac at this time.

### III. Conclusion and Order

For the reasons stated above:

1)  Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u> as to plaintiff Isaac but <u>DENIED</u> with respect to plaintiff PSE;

2)  All claims of PSE shall be dismissed within 21 days of the date of this Memorandum and Order unless PSE pays its proportional share of the filing and administrative fees of the Court (*i.e.* $200.00);

3)  All claims of PSE shall be dismissed within 21 days of the date of this Memorandum and Order unless duly-licensed counsel files a Notice of Appearance on behalf of PSE.  The Notice of Appearance shall indicate whether counsel also represents Isaac;

4)  If counsel represents both PSE and Isaac, a further Order shall issue with respect to the filing of an Amended Complaint and service of process;

5)  If no duly-licensed counsel appears for the plaintiffs, then a further Order shall issue permitting this action to proceed only as to Isaac's individual claims and directing the issuance of a summons and service of process; and

6)  The Court <u>DECLINES</u> to appoint *pro bono* counsel for the plaintiffs.


**So ordered.**


<u>/s/ Nathaniel M. Gorton</u>
Nathaniel M. Gorton
United States District Judge

Dated: March 31, 2016