UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

```
                                    )
ALEX F. ISAAC, ET AL.,              )
        Plaintiffs,                 )
                                    )
        v.                          )   Civil Action No.
                                    )   16-10330-NMG
FERNANDO ABAD,                      )
        Defendant.                  )
                                    )
                                    )
```

                         MEMORANDUM AND ORDER

GORTON, J.

I.  Introduction

    On May 10, 2016, this Court issued a Memorandum and Order (Docket No. 7) dismissing all claims of one plaintiff, Para Sports & Entertainment ("PSE"), for the reasons stated therein. Further, this Court directed the remaining plaintiff, Alex F. Isaac ("Isaac"), to file an Amended Complaint within 35 days setting forth plausible claims upon which relief may be granted based on alleged wrongdoings to him and not to PSE.  As an additional matter, this Court questioned whether it had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) in view of the dismissal of PSE's claims, and thus directed Isaac to demonstrate a good faith basis for asserting that the amount in controversy, based on his individual claims, exceeded $75,000.00.

    On June 14, 2016, Isaac filed a self-prepared "Motion for Judgement Against Defendand [sic] Fernando Abad" (Docket No. 9)("Motion for Judgment").  In that motion, Isaac essentially reiterates his claims in the Complaint, albeit with some modifications.  He alleges that the defendant borrowed $20,000.00 from PSE through a third party lender.  Thereafter, defendant

borrowed $5,000.00 and Isaac's personal credit card was used to secure an apartment for the defendant's spring training in Florida. Isaac alleges that the defendant agreed to reimburse him for travel and living expenses since Isaac had covered those costs up-front, making the total expenses owed of $9,100.00. Thereafter, as previously alleged in the Complaint, the defendant denied having knowledge of the loan and claimed that Isaac owed the defendant $10,518.88. Isaac alleges that a few weeks later, most of his clients left him and signed on with other agents, allegedly because of conversations they had with the defendant and the Major League Baseball Player Association. He claims the defendant defamed his character by spreading vicious rumors concerning "our" business practices. Motion for Judgment (Docket No. 9 at ¶ 4).

**II. Discussion**

As an initial matter, Isaac has failed to file an Amended Complaint as directed. Notably, Isaac initiated this action as a Motion for Judgment, which this Court construed as his Complaint. See Memorandum and Order (Docket No. 4 at 2). Even if this Court were to construe his recent Motion for Judgment as his Amended Complaint, it still is legally deficient. This Court directed Isaac to set forth only his personal claims; however, in his Motion for Judgment, Isaac fails to delineate clearly which of his claims belong to him and which of his claims belong to PSE. For instance, he indicates that PSE arranged for the $20,000.00 loan for the defendant, but it is unclear whether he or PSE lent the defendant $5,000.00 thereafter. It is also unclear whether Isaac's actions in fronting travel and living expenses for the

defendant was made by him in his personal capacity or on behalf of the company. If Isaac was acting as PSE's agent (as appears to be the case), the claims for reimbursement inure to PSE and not to him personally. As this Court noted previously, Isaac cannot assert claims on behalf of his company unless the claims are presented in this Court through a duly-licensed attorney.

Additionally, although Isaac alleges that some of his clients have left "him" due to the defendant's defamation of his business practices, it reasonably can be presumed that the clients have left the agency (PSE) and not Isaac personally. Thus, Isaac again appears to assert claims belonging to PSE.

Next, to the extent that Isaac asserts that <u>he</u> has been defamed (as opposed to PSE), he has failed to set forth plausible defamation claims in accordance with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)); <u>see Rivera v. Rhode Island</u>, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" <u>Díaz-Rivera v. Rivera-Rodríguez</u>, 377 F.3d 119, 123 (1st Cir. 2004)(quoting <u>Rodríguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1172 (1st Cir. 1995)). "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and

why." <u>Educadores Puertorriqueños en Acción v. Hernandez</u>, 367 F.3d 61, 68 (1st Cir. 2004).

Here, Isaac fails to set forth any underlying factual information in support of his allegations that would give the defendant sufficient notice of his claims and the grounds upon which they are based.  Generally, this Court would afford a plaintiff an opportunity to further amend a deficient complaint; however, in this case, there is no need to do so, in light of the jurisdictional impediment presented.  Specifically, Isaac was directed to demonstrate the diversity jurisdiction of this Court by showing that his amount in controversy exceeded $75,000.00. On this record, this Court cannot find that Isaac has sufficiently met his burden.

**III. Conclusion**

Accordingly, for the failure of Isaac to comply with this Court's directives, and for the lack of subject matter jurisdiction, Isaac's Motion for Judgment (Docket No. 9) is <u>DENIED</u> and this action is hereby <u>DISMISSED</u> in its entirety without prejudice.

**So ordered.**

                                       <u>/s/ Nathaniel M. Gorton</u>
                                       Nathaniel M. Gorton
Dated: June 30, 2016       United States District Judge